IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; ARCH INSURANCE COMPANY; and ZURICH AMERICAN INSURANCE COMPANY, | § § § § § § | No. 555, 2016 |
| Defendants Below-Appellants, | § § § | |
| v. | § § | Court Below: Superior Court of the State of Delaware |
| TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC; TIAA-CREF INVESTMENT MANAGEMENT, LLC; TEACHERS ADVISORS, INC.; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; and COLLEGE RETIRMENT EQUITIES, | § § § § § § § § § § | C.A. No. N14C-05-178 (CCLD) |
| Plaintiffs Below-Appellees. | § § | |

Submitted: November 17, 2016
Decided: November 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# **O R D E R**

This 29th day of November 2016, upon consideration of the notice of interlocutory appeal and its exhibits, it appears to the Court that:

(1) The defendants-appellants (collectively, "the Insurers") are insurance companies that issued professional liability insurance policies to the plaintiffs-

appellees (collectively, "TIAA-CREF"). The Insurers have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from an opinion of the Superior Court dated October 20, 2016 ("the Summary Judgment Opinion"). Among other things, the Summary Judgment Opinion granted TIAA-CREF's motion for summary judgment, finding that the amount that TIAA-CREF paid to settle three class action lawsuits constituted a covered loss under the Insurers' policies and that the Insurers' coverage obligations were not relieved by any public policy.

(2) The Insurers filed an application for certification to take an interlocutory appeal of the Summary Judgment Opinion in the Superior Court on October 31, 2016. TIAA-CREF filed its response in opposition on November 10, 2016.

(3) The Superior Court denied the certification application on November 16, 2016. In denying certification, the Superior Court noted that the Summary Judgment Opinion decided a substantial issue of material importance and that interlocutory review of the Summary Judgment Opinion potentially could terminate the litigation. Nonetheless, the Superior Court denied certification because the Summary Judgment Opinion did not meet any of the other criteria for certification set forth in Rule 42(b)(iii). Among other things, the court concluded that this case is not exceptional and that interlocutory review would be inefficient

and disruptive because trial on the two remaining issues in the case is set to begin December 5, 2016.

(4) We agree with the Superior Court's analysis. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice